IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:CR-00-290-01 |
| | ) | |
| v. | ) | (Kane, J.) |
| | ) | |
| CESAR VELAZQUEZ | ) | |

GOVERNMENT'S SECOND SENTENCING MEMORANDUM AND
RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES
CODE SECTION 3582(c)

AND NOW, the United States of America, by its undersigned counsel, submits the following Sentencing Memorandum and Response in Opposition to the Defendant's Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c)

I.    STATEMENT OF FACTS AND OF THE CASE

On May 10, 2001, Cesar Velazquez a Career Offender with prior drug trafficking and robbery convictions, was sentenced for his role in the large-scale distribution of cocaine base, "crack" cocaine, in York, Pennsylvania, drug distribution which resulted in the delivery of more than 1 kilo of crack cocaine into this community. As a result of the large drug weights involved, and Velazquez's extensive prior convictions for drug and robbery offenses, Velazquez qualified as a Career Offender under the federal sentencing guidelines and was sentenced as a Career Offender to 240 months imprisonment, a sentence which represented a modest departure from the guidelines imprisonment range of 292-

365 months imprisonment which was otherwise applicable in this case.

Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for certain drug distribution and conspiracy offenses involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline. Velazquez initially moved, _pro_ _se_, pursuant to Title 18, United States Code, Section 3582(c), for relief in accordance with this amended guidelines provision. The Government filed an opposition to this original _pro_ _se_ request, citing Velazquez's career offender status as grounds for denying this request. On April 15, 2008, the Federal Public Defender's office filed an additional motion on behalf of this career offender seeking relief for this criminal recidivist.

For the reasons set forth below, the United States submits that Velazquez, a Career Offender and a large scale drug trafficker, misconstrues the reach of this guidelines amendment. Fairly construed, that amendment does not permit career criminals like Velazquez to set aside their sentences years after those sentences are imposed. Since a Career Offender like Velazquez should not be able to take advantage of this limited guidelines

2

amendment to reduce his sentence, these two motions for relief under this amended guideline should be denied.

## II. DISCUSSION

### A. Background of the Crack Cocaine Sentencing Amendments.

Section 3582(c)(2) of Title 18, United States Code provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v.

11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) _In General_.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) _Exclusions_.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) _Limitation_.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level

---

Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

for some cocaine base ("crack") offenses, where the guidelines were originally calculated based upon the quantity of drugs distributed by the defendant.[2]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels based upon drug weights applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for other crack offenses based upon drug weights.  See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses based upon drug weights.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the

offenses of conviction involved crack as well as other controlled substances.

These amendments, however, by their terms only apply to cases in which the initial crack cocaine guidelines sentence was based solely upon an assessment of drug quantities. Nothing in the amended guidelines purports to provide sentencing relief for a defendant, like Velazquez, whose sentence is, in part, a product of his own Career Offender status.

The failure of this amendment to address Career Offenders is significant since Section 3582(c) places statutory limitations upon a sentencing court's authority, once it has imposed a sentence of imprisonment, to modify that sentence. See 18 U.S.C. § 3582(c). The Third Circuit has held that these limitations are jurisdictional limitations upon a district court's substantive authority to modify the previously imposed sentence. See United States v. Higgs, 504 F.3d 456, 463-64 (3d Cir. 2007). Except as authorized by section 3582(c) and Fed. R. Crim. P. 35--which itself derives its authority from section 3582(c)--a sentencing court does not have the authority, and lacks subject-matter jurisdiction, to modify a previously imposed sentence of imprisonment. Id.

Section 3582(c)(2) provides, in pertinent part, as follows:

> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--

*               *               *

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

(Emphasis added.)   Thus, by statute, a court may not reduce a previously imposed term of imprisonment based upon a reduced guideline range unless "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

## B. Section 3582(c)(2) and Guideline 1B1.10 Offer No Relief to a Defendant Sentenced as a Career Offender.

The Sentencing Commission's policy statements applicable to section 3582(c)(2) are set forth at U.S.S.G. § 1B1.10, entitled "**Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).**"   Subsections (a)(1) and (a)(2)(A) of those Guidelines policy statements provide that the sentence reduction provisions of section 3582(c)(2) are applicable to, and authorize sentence reductions only for those Guidelines amendments specifically listed in subsection (c).   <u>See</u> U.S.S.G. § 1B1.10(a)(1) & (a)(2)(A) (amended December 11, 2007).   Subsection (a)(2)(B) provides, unremarkably, that a reduction in a defendant's term of imprisonment is not authorized, even where the amendment is listed

8

in subsection (c), unless the application of the amended guideline would actually have the effect of lowering the defendant's guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). Thus, the first prerequisite to a defendant's entitlement to consideration of a sentence reduction under section 3582(c)(2) is that a Guidelines amendment listed in U.S.S.G. § 1B1.10(c), as applied to that defendant's sentence, would actually reduce his guideline imprisonment range.

On December 11, 2007, the Sentencing Commission added Guidelines Amendments 706 and 711, reducing base offense levels for offenses involving crack cocaine, to the amendments listed in subsection (c), effectively making the base offense level reductions embodied in those amendments retroactive effective March 3, 2008. See U.S.S.G. App. C, Amend. 706 & 711; U.S.S.G. § 1B1.10(c) (eff. March 3, 2008). The effect of those Guidelines amendments is modest, however, reducing base offense levels for crack cocaine offenses by only two levels.

Under U.S.S.G. § 1B1.10(a)(2)(B), even this modest reduction is not available to a defendant whose guideline imprisonment range would not be affected by application of the amended crack cocaine base offense levels to his case, such as a defendant whose guideline range and sentence were driven by the career offender provisions of the Guidelines found at U.S.S.G. § 4B1.1, by a statutory mandatory minimum sentence, or by a base offense level

for some controlled substance other than crack. <u>See</u> U.S.S.G. §
1B1.10, comment. (n.1(A)) ("[A] reduction ... is not authorized ...
and is not consistent with this policy statement if ... none of the
amendments in subsection (c) is applicable to the defendant[] or
... an amendment listed in subsection (c) ... does not have the
effect of lowering the defendant's applicable guideline range
because of the operation of another guideline or statutory
provision").

    Courts also agree that where, as in this case, application of
the pertinent amendment does not result in a different sentencing
range, no reduction of sentence may occur. <u>See, e.g.,</u> <u>United</u>
<u>States v. Gonzalez-Balderas</u>, 105 F.3d 981, 984 (5th Cir. 1997)
(although a retroactive amendment reduced the defendant's offense
level, the new level (44) still required the sentence of life
imprisonment which was imposed, and the district court properly
denied the motion summarily); <u>United States v. Allison</u>, 63 F.3d
350, 352-54 (5th Cir. 1995) (motion properly denied where the
sentence would not be different under new guideline); <u>United States</u>
<u>v. Townsend</u>, 98 F.3d 510, 513 (9th Cir. 1996) (although a
retroactive amendment to the career offender guideline changed the
definition of a statutory maximum, the amendment did not benefit
the defendant given that the maximum penalty for his offense, bank
robbery, was the same under either definition, and thus the
guideline range was the same); <u>United States v. Dorrough</u>, 84 F.3d

1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

The threshold inquiry, therefore, to determine whether a defendant is entitled to consideration of a sentence reduction under section 3582(c)(2) is whether applying the reduced crack cocaine offense levels mandated by Amendments 706 and 711 to that defendant's Guidelines calculation would result in a lower guideline imprisonment range for the defendant. If not, the defendant is not entitled to consideration of a lower sentence under section 3582(c)(2).

In this case it is undisputed that Velazquez's guidelines imprisonment range was not based solely upon the quantities of drugs distributed by this recidivist. Rather, that sentence was in large measure a product of the simple, immutable fact that Velazquez was, and remains, a Career Offender, a felon with a

11

significant prior record for drug trafficking. Since these retroactive amendments do not affect the Career Offender guidelines, Velazquez is not entitled to a belated sentence reduction under these amendments.

Indeed, in recent weeks numerous courts have had the opportunity to consider the requests of career offenders for sentencing reductions under this amended guidelines. Those request, while frequently made, have generally been rebuffed by the courts which recognize that this relief should not be provided to career offenders. See e.g., United States v. Thompson, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); United States v. McDougherty, 2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); United States v. Williams, 2008 WL 762083, *7 (E.D. Ark. Mar. 18, 2008); United States v. Rivera, 2008 WL 576764 (E.D. Pa. Mar. 3, 2008) (also holds Booker is inapplicable, at *4); United States v. Jones, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); United States v. White, 2008 WL 724171 (W.D. Va. Mar. 17, 2008); United States v. Garcia, 2008 WL 725025 (E.D. Wash. Mar. 17, 2008); United States v. Brantley, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); United States v. Manns, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); United States v. Taylor, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008)

While Velazquez must concede that he is a Career Offender, he may still argue that he is entitled to some relief because this violent drug trafficking recidivist dealt in such large quantities

of crack cocaine that the drug weights did, in some measure, affect his guidelines imprisonment range, making that range one offense level than it would otherwise have been under the Career Offender guidelines.[4] Velazquez's argument that he is still entitled to relief under this guidelines amendment is almost ironic: Velazquez would appear to argue that large-scale drug trafficking Career Offenders should receive more favorable sentencing consideration than smaller scale Career Offender drug traffickers.

This court should reject the claim of this large-scale crack dealing Career Offender that he is entitled to a sentencing reduction based upon the fact that he is a recidivist who engaged in substantial drug dealing for at several reasons. First, Velazquez's construction of this amended guidelines clearly is not one which could have been intended by the Sentencing Commission. The Commission, while doubtless concerned about sentences based solely upon drug weights, could not have intended that its amendment also provide a sentencing windfall to the smallest group of the most dangerous and incorrigible drug traffickers, large-scale Career Offenders who traffic in substantial quantities of crack cocaine. Indeed, under Velazquez's interpretation of this

---

[4]Without considering the drugs weights in this case the Career Offender guidelines would have been: Offense Level 34, Criminal History Category VI, and 262-327 months imprisonment. When the large drug weights distributed by the defendant were also taken into consideration the defendant's Offense Level rose to 35, his Criminal History category remained VI, and his guidelines imprisonment range became 292-365 months.

amended guidelines, small scale Career Offenders who sell crack cocaine get no sentencing relief, but true drug kingpins, large-scale drug dealers who are violent drug trafficking recidivists, are entitled to a reduced sentence. This result is plainly at odds with the sound public policy that led to the exclusion of Career Offenders generally from this amendment. Since the position advanced by Velazquez would unjustly reward the most dangerous class of crack dealers it should not be embraced by this Court.

Second, the Application Notes to Section 1B1.10 plainly state that, in determining whether to reduce a crack cocaine drug trafficker's sentence, this Court must consider the public's safety and assess how the defendant's release may adversely affect public safety. See U.S.S.G., Section 1B1.10, Application Note 1(B)(ii)(March 3, 2008). In this case, where Velazquez has already amassed a significant criminal record for drug trafficking, robbery and violent crime, and possessed a firearm when he indulged in the large-scale crack cocaine dealing that led to this conviction, the United States submits that Velazquez simply cannot show that his early release promotes public safety. Therefore, by the plain language of the guidelines themselves, Velazquez is not entitled to demand early release from custody under this amended guidelines section.

Finally, embracing Velazquez's argumennt would create a disturbing discrepancy among the most dangerous of drug

14

offenders–Career Offenders. If the Court reduced Velazquez's guidelines based upon the fact that he was both a Career Offender and a large scale trafficker in crack cocaine, it would be conferring a benefit upon Velazquez that other, lesser Career Offenders may not receive. It would, in effect, reward Velazquez for being both an incorrigible recidivist and a large scale trafficker, while denying this benefit to recidivists who sold less drugs. This guidelines amendment should not be applied or construed in a way which rewards the very worst offenders in this field. Therefore, this Court should exercise its discretion and deny any invitation by the defendant to reduce his Career Offender sentence based upon the fact that he was both a Career Offender and a large scale crack cocaine dealer.

### III. CONCLUSION

For the foregoing reasons this pro se Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c) should be denied.

Respectfully submitted


BY:  S/MARTIN C. CARLSON
MARTIN C. CARLSON
Acting United States Attorney
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108
Phone: 717-221-4482
Fax: 717-221-2582
Martin.Carlson@USDOJ.gov
PA Bar #33396

15