# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CESAR VELAZQUEZ, : | |
|     Petitioner : | |
| : | No. 1:00-cr-290 |
| v. : | |
| : | (Judge Kane) |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

## MEMORANDUM

Before the Court is Petitioner Cesar Velazquez's Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 103.) For the reasons that follow, the Court will dismiss the motion, but will issue a certificate of appealability.

## I.    BACKGROUND

On December 11, 2000, Petitioner pled guilty to conspiracy to distribute and possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846, in accordance with a plea agreement. (Doc. No. 54.) A Presentence Investigation Report ("PSR"), was prepared, and Petitioner was determined to be a career offender. (PSR ¶ 35.) Petitioner had two prior adult convictions for robbery in New York, and one prior adult conviction for a controlled substance in Lancaster County which received criminal history points. (Id. ¶¶ 38, 39 and 42.) Accordingly, the PSR determined Petitioner's sentencing guideline range to be 292-365 months based on a total offense level of 35, reflecting the guidelines applicable to drug offenses, USSG § 2D.1.1, and a criminal history category of VI, as a career offender. (PSR ¶¶ 36, 43 and 70.) Thereafter, on May 10, 2001, the Court, after granting Petitioner a downward departure, sentenced him to 240 months' imprisonment. (Doc. Nos. 73, 74.) Petitioner did not file a direct

1

appeal of his sentence. Following the enactment of Amendment 706 to the United States Sentencing Guidelines Manual, Petitioner's offense level was reduced to 34, the offense level applicable under USSG § 4B1.1's career offender provision, and his sentence was accordingly reduced to 215 months' imprisonment. (Doc. No. 93.) Petitioner remains in federal custody.

Because Petitioner previously filed a Section 2255 motion, which was denied, he filed an application for leave to file a second motion for relief under 28 U.S.C. § 2255 with the United States Court of Appeals for the Third Circuit in accordance with the requirements of 28 U.S.C. § 2244(b). In re: Cesar Velazquez, No. 16-2038 (3d Cir. Apr. 26, 2016). Petitioner filed a proposed motion to correct sentence under 28 U.S.C. § 2255 with this Court on June 24, 2016, arguing that under the United States Supreme Court's decision in Johnson v. United States, he no longer qualifies as a career offender and that his career offender sentence pursuant to USSG § 4B1.1 violates due process of law. (Doc. No. 103 at 11-12.) Petitioner requested that this Court stay resolution of his motion until the Third Circuit resolved his Section 2244(b) application for permission to file a second Section 2255 motion. (Doc. No. 104.) This Court granted Petitioner's motion to stay. (Doc. No. 105.)

On May 4, 2017, the Third Circuit issued an Order staying Petitioner's Section 2244(b) application until that Court's disposition of In re Hoffner, No. 15-2992, noting that its disposition of that case might affect its resolution of Petitioner's Section 2244(b) application.[1] In re: Cesar Velazquez, No. 16-2038 (3d Cir. May 4, 2017). After issuing its decision in In re

---

[1] In In re Hoffner, the Third Circuit was called upon to determine whether a petitioner made a prima facie showing under Section 2244(b) sufficient for that court to authorize him to file a second or successive 2255 motion based on a Johnson challenge to his 2002 sentence as a career offender under the Sentencing Guidelines' residual clause.

Hoffner, 870 F3d 301 (3d Cir. Sept. 7, 2017), which authorized the petitioner in that case to file a successive Section 2255 motion relying on a Johnson challenge to the mandatory sentencing guidelines' residual clause, finding that it is for the district court in the first instance to determine whether the petition has merit,[2] the Third Circuit issued an order lifting the stay of Petitioner's Section 2244(b) application and granting permission for the filing of his second Section 2255 motion. In re: Cesar Velazquez, No. 16-2038 (3d Cir. Nov. 2, 2017). Accordingly, Petitioner's motion to correct sentence under 28 U.S.C. § 2255 is ripe for decision.

## II. DISCUSSION

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244. AEDPA provides exceptions to the one-year statute of limitations rule in Section 2255(f), which provides that the one-year statute of limitations begins to run on the date a defendant's conviction becomes final <u>or</u> any one of the following three dates:

  (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

---

[2] Specifically, the Third Circuit found that the district court must determine "'whether the invoked new rule should ultimately be extended in the way that the movant proposes,' or whether his 'reliance is misplaced.'" In re Hoffner, 870 F.3d at 309 (citation and quotation omitted).

3

> if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner argues that his Section 2255 motion is timely under Section 2255(f)(3) above because it is based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), decided on June 26, 2015.[3] In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), as unconstitutionally void for vagueness. 135 S. Ct. at 2557. Because the career offender sentencing guideline pursuant to which Petitioner was sentenced contains an identically worded residual clause,[4] Petitioner maintains that Johnson applies to the sentencing guidelines, arguing that "[a]though Johnson addressed the residual clause in the ACCA, the decision also applies to the definition of crime of violence set forth in the sentencing guidelines." (Doc. No. 103 at 5.)

Essentially, Petitioner is arguing that the right he relies on in his motion as a basis for relief was "newly recognized by the Supreme Court" in Johnson, and therefore, his motion meets the timeliness requirement of Section 2255(f)(3). It is clear that the Supreme Court announced a new rule in Johnson, which was made retroactive in Welch. The relevant question here is

---

[3] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

[4] The 2016 Amendments to the Sentencing Guidelines removed the residual clause of USSG § 4B1.2(a)(2). See United States v. Graves, No. 1:15-cr-158-001, 2016 WL 5934205 at *2 (M.D. Pa. Oct. 12, 2016).

4

whether Johnson's new rule applies to Petitioner's claim under the mandatory sentencing guidelines.

The Supreme Court clarified the scope of Johnson's holding in Beckles v. United States, 137 S. Ct. 886 (2017), where it held that the advisory sentencing guidelines are "not subject to vagueness challenges under the Due Process Clause." Id. at 895. In distinguishing its holding in Johnson, the Beckles Court relied on the difference between mandatory statutes like the ACCA and the discretionary nature of the advisory sentencing guidelines:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4G1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 892.

The Supreme Court's decision in Beckles does not directly govern Petitioner's motion because Petitioner was sentenced in 2001 pursuant to the pre-Booker[5] career offender guideline, when the guidelines were mandatory. In Beckles, the Supreme Court "le[ft] open the question [of] whether defendants sentenced to terms of imprisonment before [Booker] . . . may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n. 3 (Sotomayor, J., concurring in judgment). The Supreme Court found that the issue was not presented by Beckles and accordingly, took "no position on its appropriate resolution." Id.

However, in light of the Supreme Court's holding in Beckles, it is apparent that the right or "new rule" upon which Petitioner's Section 2255 motion relies has not yet been "recognized"

---

[5] United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Sentencing Guidelines were "effectively advisory").

by the Supreme Court. This Court joins the many other district courts that have addressed this issue and either dismissed or denied Johnson-based Section 2255 motions challenging the residual clause of the pre-Booker mandatory sentencing guidelines as untimely. See United States v. Blair, No. 1:01-cr-297, 2017 WL 5451714, at *3 (M.D. Pa. Nov. 14, 2017) (dismissing as time-barred a Section 2255 motion based on a vagueness challenge to the pre-Booker mandatory sentencing guidelines); United States v. Loner, No. 1:00-cr-50-1, 2017 WL 5451712, at 4 (M.D. Pa. Nov. 14, 2017) (same); United States v. Wood, No. 4:90-cr-02761, 2017 WL 4167826, at *2 (M.D. Pa. Sept. 20, 2017) (dismissing as time-barred a Section 2255 motion based on a vagueness challenge to the pre-Booker mandatory sentencing guidelines because Johnson did not announce a "new rule" providing relief for such claims); United States v. Ward, No. 01-cr-40050-01-DDC, 2017 WL 3334644, at *2-*3 (D. Kan. Aug. 4, 2017) (collecting cases); United States v. Brigman, No. 01-20090-01-JWL, 2017 WL 3267674, at *3 (D. Kan. Aug. 1, 2017) (same); Davis v. United States, No. 16-C-747, 2017 WL 3129791, at *6 (E.D. Wis. July 21, 2017) (denying a Section 2255 motion as untimely because "the Supreme Court has not held that the Guidelines' residual clause is unconstitutionally vague, and [petitioner] cannot assert that this right was 'newly recognized' by the Court in Johnson"); Miller v. United States, No. 2:16cv589DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017) ("Because neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before Booker, the court concludes that Petitioner's § 2255 motion is untimely"); United States v. Beraldo, No. 3:16-cv-01092, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) (dismissing Section 2255 motion as untimely because the right not to be subjected to a sentence enhancement pursuant to a vague mandatory

6

Guidelines is not the same right recognized in Johnson); Hirano v. United States, No. 16-00686 ACK-KJM, 2017 WL 2661629, at *7-8 (D. Hawaii June 20, 2017); United States v. Autrey, No. 1:16-cv-788, 2017 WL 2646287, at *4 (E.D. Va. June 19, 2017); Mitchell v. United States, No. 3:00-cr-00014, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017); Hodges v. United States, No. C16-1521JLR, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017). Accordingly, the Court will dismiss Petitioner's motion as untimely.[6]

## III.  CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because "reasonable jurists could debate whether [this] petition should have been resolved in a different manner," id., the Court will grant a certificate of appealability.

## IV.  CONCLUSION

Petitioner's motion to correct sentence asks this Court to extend the rule of constitutional law announced by Johnson to the pre-Booker mandatory sentencing guidelines. Because 28 U.S.C. § 2255(f)(3) requires Petitioner's motion to be filed within one year from "the date on

---

[6] However, the Court's decision is without prejudice to Petitioner's ability to reassert the claim contained in the instant motion in the event the Supreme Court announces that the pre-Booker mandatory sentencing guidelines are subject to a void for vagueness due process challenge.

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and because this Court finds that the Supreme Court has not yet recognized a right to challenge the mandatory guidelines as unconstitutionally vague, the Court will dismiss Petitioner's motion as untimely; however, the Court will grant a certificate of appealability on the issue. An Order consistent with this Memorandum follows.

    s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania